UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN RE:<br>JAMES DEPIETRO<br>SHIRLEY MAY DEPIETRO<br>DEBTOR(S) | CASE NUMBER:<br>11-05019-8-SWH<br>CHAPTER 13 |

MINUTES OF 341 MEETING AND
MOTION FOR CONFIRMATION OF PLAN

**NOW COMES,** the Trustee in the above referenced Chapter 13 case and moves the Court for entry of an Order confirming the Plan in this case, and as to the extent modified by this Motion. In support of this Motion, the Trustee says unto the Court the following:

1. That the Debtor(s) appeared at the meeting of creditors, as required by 11 U.S.C. §341 and submitted to an examination under oath by the Trustee on **AUGUST 22, 2011** or has (have) supplied answers to written interrogatories;

2. The Debtor(s) has/have complied with all requirements of 11 U.S.C. §521(a)(1)(B) and Interim Bankruptcy Rules 1007 and 4002(b), as modified and adopted by this Court, and this case has not been dismissed, nor is it subject to dismissal, under 11 U.S.C. §521(i).

3. There are no pending objections to confirmation or other filings or pleadings that would impede the confirmation of the Plan in this case;

4. The analysis of this Plan has been performed by the Trustee, as evidenced by Exhibit "A" attached hereto, and the Trustee is of the opinion that the Plan meets the requirements of 11 U.S.C. §1325;

5. The Debtor(s) shall pay to the Trustee, beginning on the first day of the first month after this case was filed, monthly payments of: **55 MONTHS @ $1,425.00 or until all required claims have been paid in full.** The obligation to make such payments, however, shall cease upon payment to the Trustee of a sum sufficient to pay in full: (A) allowed administrative priority claims, including specifically the Trustee's commission and attorneys' fees and expenses ordered by the Court to be paid to the attorney for the Debtor(s), (B) allowed secured claims (including but not limited to arrearage claims and Continuing Long Term Debts Paid through this Plan), excepting those which the confirmed plan or subsequent order of this court provide shall be paid directly by the Debtor(s) rather than by the Trustee, (C) allowed unsecured priority claims, (D) if the confirmed plan or subsequent order so provides, a consumer debt of the Debtor(s) on which an individual is obligated with the Debtor(s), (E) post-petition claims allowed under §1305, and (F) the dividend, if any, required to be paid to non-priority, general unsecured creditors (and not including priority unsecured creditors) under §1325 (b)(1)(B), and (G) the amount necessary to pay creditors to satisfy the liquidation test of §1325 (a)(4). **In this case, general unsecured creditors will receive: $-0-.** The Trustee shall disburse such funds pursuant to the terms of the confirmed plan and subsequent orders of the court. The amounts to be paid to the Trustee under the confirmed plan and subsequent orders of the court must be paid to the Trustee before a discharge may be entered;

6. The Plan establishes a minimum pool of funds to be paid to the Trustee by the Debtor(s) called the "Unsecured Pool," as provided for in 11 U.S.C. §1325 (b)(1)(B). **The Plan establishes the Unsecured Pool in this case as $-0-.** General unsecured creditors shall receive their *pro rata* portion of funds in the Unsecured Pool;

7. Generally, and subject to orders entered hereafter by this Court, any claim proof of which is not filed before on or before **NOVEMBER 21, 2011** shall be disallowed. Claims of governmental units, proofs of which are not filed before **DECEMBER 27, 2011,** shall be disallowed.

8. Scheduled claims, proofs of which are not timely filed, or which claims are disallowed, are subject to being discharged if the Debtor(s) complete the Plan, except as specifically provided by law. The liens of creditors which will not be paid in full during the term of the Plan, or which are to be paid directly by the Debtor(s), are not affected by the confirmation of this Plan, except as provided in paragraph 9 below;

9. *No real estate creditor shall ever assess, charge or collect, from either the debtor or the real estate collateral, any assessments, fees, costs, expenses or any other monetary amounts, exclusive of principal, interest, taxes and insurance, that arose from the date of the filing of the bankruptcy petition to the entry of the Order of Discharge except as may be allowed by court order or an allowed proof of claim. This does not apply to the right of a Homeowner's Association to assess, charge or collect post-petition assessments, fees, costs, expenses, or other monetary amounts for obligations due from the Debtor(s) to the Homeowner's Association post-petition in accordance with the contract between such parties or restrictive covenants applicable to the real property of the debtor(s) and applicable law.*

10. The claims of the following secured creditors shall be paid in the amount set out below. The amount shown has been adjusted to account for any adequate protection payments(s) paid to the creditor by the Trustee in accordance with Local Rule 3070-1(b) prior to the date of this motion, and a similar adjustment shall be made should any additional adequate protection payments be disbursed by the Trustee prior to the confirmation of the Plan. All adequate protection payments are applied to reduction of the principal amount of the creditor's claim. With respect to claims listed below for which the terms of repayment are listed as: "Direct" or "Outside" or similar language regarding the payment of a claim under this Plan, such language means that the Debtor(s) or a third party will make the post-petition payments in accordance with the contractual documents which govern the rights and responsibilities of the parties to the transaction, including any contractual modifications thereof, beginning with the first payment that comes due following the order for relief. With respect to claims for which the collateral is described as "Arrears," the amount thereby shown as pre-petition arrears shall be cured through plan payments made by the Debtor(s) in the manner set forth under the heading "Repayment." The lien of each such creditor shall survive the discharge(s) of the Debtor(s), provided that upon payment to the creditor of the allowed arrearage claim, shown below (or as changed by a timely filed and allowed claim or amendment to claim or order of this Court), the Debtor(s) shall be deemed to be current under the terms of the debt as of the petition date. With respect to claims listed below for which the terms of repayment are listed as: "Surrender," upon entry of an Order confirming the plan, as modified by this Motion the automatic stay of 11 U.S.C. §362(a) shall thereupon be lifted and modified with respect to such property "for cause" under 11 U.S.C. §362(d)(1), as allowed by Local Rule 4001-1(b). If "Scheduled" appears next to or below "Amount," below, such notation indicates that no claim has been filed by or on behalf of the Creditor. In accordance with 11 U.S.C. §502, no disbursements may be made to a creditor who does not hold an allowed claim which requires the timely filing of a proof of claim pursuant to and in accordance with 11 U.S.C. §501, Federal Rules of Bankruptcy Procedure 3001, 3002, and 5005, Interim Bankruptcy Rule 3002, as modified and adopted by this Court, and Local Rules 3001-1(b), 3004-1 and 5005-1 through 5005-4(12). Should an objection to a claim be filed, the Trustee may reserve payments on such claim pending entry of a final order resolving such objection. The amount shown as "monthly payment" is the average amount the creditor will receive each month during the life of the plan. Numerous variables (such as payment of attorneys fees, the timing of the preparation and filing of this Motion, the filing of claims after confirmation, the timing of payments made to the Trustee, etc.) make determination of an exact monthly payment to be disbursed each month impossible. The creditor's allowed claim will be paid within the term stated.

a. Claims to be paid directly by the Debtor(s):

| Creditor | Collateral | Amount | Int. rate/Term/Mo. Pymt |
|---|---|---|---|
| 5-WAKE COUNTY | R/E TAXES | $0.00 SECURED (SCHEDULED AMOUNT) | TO BE PAID DIRECT (NO POC FILED) |

b. Continuing long term debts to be paid by the Trustee:

The Trustee will disburse regular ongoing monthly payments effective with the month indicated below with the Debtor to resume direct payments upon completion of plan payments. Arrearage through the month indicated will be paid in full over the term of the plan without interest as funds are available unless otherwise indicated. To receive disbursements, a creditor must file a proof of claim documenting a non-preferential perfected lien against the property. The Trustee will disburse the regular monthly payment indicated below unless an allowed filed claim indicates a different payment.

| Creditor | Collateral | Amount | Int. rate/Term/Mo.Pymt |
|---|---|---|---|
| 3- SUNTRUST BANK | 2ND DOT |  | Contractual payment in the amount of $212.00/mo. to be made by Trustee effective with the September 2011 payment. |
| 7- WAKE FOREST SAVINGS & LOAN | 1ST DOT |  | Contractual payment in the amount of $741.71/mo. to be made by Trustee effective with the September 2011 payment. |

c. Claims to be paid by Trustee to extent of claim as filed:

| Creditor | Collateral | Amount | Int. rate/Term/Mo. Pymt |
|---|---|---|---|
| 1- WORLD OMNI FINANCIAL | 2006 TOYOTA | $3,818.27 SECURED | 5.25% INT. WITHIN 55 MONTHS ($78.26 PER MONTH) |
| 4- SUNTRUST BANK | ARREARS | $680.97 SECURED | INCLUDES ARREARS OF MAY 2011 THROUGH AUGUST 2011 |
| 8- WAKE FOREST SAVINGS & LOAN | ARREARS | $2,966.17 SECURED | INCLUDES ARREARS OF MAY 2011 THROUGH AUGUST 2011 |
| 9- WELLS FARGO DEALER SERVICES | 2004 FORD | $6,323.40 SECURED | 5.25% INT. WITHIN 55 MONTHS ($129.61 PER MONTH) |

d. Claims to be paid by Trustee as secured to extent of collateral value, with remainder of claim to be treated as unsecured:

| Creditor | Collateral | Secured Value | Int. rate/Term/Mo. Pymt |
|---|---|---|---|
| NONE |  |  |  |

11. The following creditors have filed secured proofs of claim, but, due to the value placed on the collateral, the claims will be treated as unsecured and paid with other unsecured claims;

| **Creditor** | **Collateral** | **Present Value** | **Repayment Rate/Term** |
|---|---|---|---|
| NONE | | | |

12. The treatment of claim indicated in paragraphs 10 and 11 above is based on information known to the Trustee at the time of the filing of this Motion. The treatment of some claims may differ from that indicated if subsequent timely filed claims require different treatment;

13. **CONTINUING LONG TERM DEBTS TO BE PAID THROUGH THE PLAN BY THE TRUSTEE:**

Continuing long term debts listed in ¶10(b) to be paid by the Trustee through the confirmed Plan shall be paid its contractual monthly payments by the Trustee with the Debtor(s) to resume direct payments upon completion of plan payments to be paid to the Trustee by the Debtor(s) under the Confirmed Plan. To receive disbursements, a creditor must file a proof of claim documenting a non-preferential perfected lien against the property.

If the monthly payment on the account changes, the creditor must inform the Trustee, the Debtor(s) and the attorney for the Debtor(s) in writing either before the change or within 30 days after the change and must include an itemization of the payment change by principal, interest, escrow and any other costs *subject to the prohibition of ¶9, above*. Failure to provide such notice shall result in a waiver by the creditor of the right to collect any increase in the monthly payment for which notice thereof was not provided unless otherwise ordered by the Court.

Within 30 days of the final disbursement of the Debtor's Plan payments, the Trustee will serve upon the mortgagee, the Debtor(s) and the attorney for the Debtor(s), a notice stating (1) that any pre-petition arrearage claim has been paid in full, (2) that all post-petition mortgage obligations have been paid, (3) that the mortgagee is required to treat the mortgage as reinstated and fully current in all obligations under the mortgage, (4) that if any post-petition obligations have not been timely paid, the mortgagee is required to itemize all outstanding obligations as of the date of the notice, and file a statement of these obligations with the Court, giving notice to the Trustee, the Debtor(s) and the Debtor(s) attorney within 60 days of service of the notice from the Trustee (or such longer time as the Court may order), (5) that if the mortgagee fails to file and serve a statement of the outstanding obligations within the required time, the mortgagee is required to treat the mortgage as reinstated according to its original terms, fully current in all obligations as of the date of the Trustee's notice, and (6) that if the mortgagee does serve a statement of outstanding obligations within the required time, the Debtor(s) or the Trustee may (i) within 30 days of service of the statement, challenge the accuracy of the statement by motion filed with the Court, on notice to the mortgagee, the Debtor(s) and attorney for the Debtor(s), with the Court resolving the challenge as a contested matter, or (ii) propose a modified Plan to provide for payment of additional amounts acknowledged by the Debtor(s) to be due or which the Court determines to be due.

To the extent that amounts set forth on a timely filed statement of outstanding obligations are not determined by the Court to be invalid or are not paid by the Debtor(s) through a modified Plan, the right of the mortgagee to collect these amounts will be unaffected. No liability shall result from any non-willful failure of the Trustee to serve the notice required by this subparagraph.

Costs of collection, including attorney's fees, incurred by the claim holder, and approved by the Court, after the filing of this Bankruptcy case and before the final payment under the Plan shall be added to the pre-petition arrearage claim.

14. The following executory contracts and unexpired leases shall be either assumed or rejected as indicated below. With respect to any such contract or lease which is "Rejected," upon entry of an Order confirming the plan, as modified by this Motion, the automatic stay of 11 U.S.C. § 362(a) shall be lifted and modified with respect to such agreement and any property held by the creditor or lessor, including but not limited to any security deposit, "for cause under 11 U.S.C. § 362(d)(1):

| Creditor | Property Leased or Contracted For | Treatment |
|---|---|---|
| 98- PLANET FITNESS | GYM MEMBERSHIP | ASSUMED |
| 99-SPRINT/NEXTEL | CELL PHONE SERVICE | ASSUMED |

15. Priority claims shall be paid in full over the term of the Plan;

16. That confirmation of this Plan will be without prejudice to pending Motions for Relief From the Automatic Stay and will be without prejudice to objections to claim and avoidance actions;

17. That confirmation of the Plan vests all property of the estate in the Debtor(s), provided, however, that upon confirmation, and hence such vesting, the automatic stay of 11 U.S.C. §362(a) shall be re-imposed as to any and all property with respect to which such vesting would otherwise effect the lifting of the automatic stay under 11 U.S.C. §362(c)(3)(A). Should any creditor object to the foregoing, then the property related to such creditor's claim or the subject of such objection shall not vest in the Debtor(s), but shall remain property of the bankruptcy estate of the Debtor(s), until the earliest of the time the case is closed, the time the case is dismissed, or the time a discharge is granted or denied to the Debtor(s);

18. That the attorney for the Debtor(s) is requesting compensation for services in the amount of **$3,000.00** plus costs advanced of **$0.00**, as reflected in the Rule 2016 Disclosure of Compensation (or Amended Disclosure, if applicable) filed with the Court, of which **$200.00** was paid to counsel prior to filing. The Trustee recommends to the Court a fee of **$3,000.00**, plus costs advanced of **$0.00**, for a sum of **$2,800.00** to be paid to counsel through the plan. If the amount recommended to be paid is different from that requested, an explanation can be found in Exhibit "A".

DATED: OCTOBER 12, 2011

/s/ John F. Logan
John F. Logan
Standing Chapter 13 Trustee
NC State Bar No. 12473
PO Box 61039
Raleigh, NC 27661-1039

REVISED 08/29/11

## EXHIBIT "A"

| | | |
|---|---|---|
| **NAME OF DEBTOR(S):** | JAMES DEPIETRO<br>SHIRLEY MAY DEPIETRO | **CASE NUMBER:** 11-05019-8-SWH |

**EMPLOYMENT:**  Debtor: CITY OF RALEIGH

**GROSS INCOME:** $2,916

Spouse: DUKE UNIVERSITY HEALTH CARE    $3,272

BUSINESS:            NON-BUSINESS: X

Prior Bankruptcy Cases: Yes:      No: X
If so, Chapter    filed:   Disposition:

Real Property: (Brief Description: Ex - H&L, mobile home, etc)
Description:    105 PERRY LN

| | | | | |
|---|---|---|---|---|
| FMV | $178,600 | Date Purchased | | |
| Liens | $173,822 | Purchase Price | $ | |
| Exemptions | $ 60,000 | Improvements | $ | |
| Equity | $    0 | Insured for | $ | |
| Rent | $  N/A | Tax Value | $ | |

Tenants by Entirety: Yes (X)  No ()

COMMENTS: FMV reflects 6% deduction for hypothetical cost of sale.

Attorney Fees and Costs Advanced*
Requested:       $3,000.00(excluding filing fee)
Costs Advanced:  $   0.00
Paid:            $ 200.00 (excluding filing fee)
Balance:         $2,800.00

Trustee's Recommendation: $3,000.00 plus $0.00
Comments:   JOHN T. ORCUTT
*Costs Advanced include expenses such as Filing Fee, Credit Reports, Credit Counseling Expenses, and Judgment searches, as itemized on the Rule 2016 Disclosure (or Amended Rule 2016 Disclosure, if filed)

| Plan Information: After 341 | | | | Payout % After 341 | |
|---|---|---|---|---|---|
| Total Debts | $185,781 | Pay in | $78,375 | Priority | 0% |
| Priority | $    0 | Less 6% | $ 4,703 | Secured | 100% |
| Secured | $ 50,749 | Requested | | Unsecured | 0%* |
| Unsecured | $135,032 | Atty fee | $ 2,800 | Joint | 0% |
| Joint Debts | $    0 | Available | $70,872 | Co-Debts | 0% |
| Co-Debtor | $    0 | | | | |
| *See ¶5 | | | | | |

Annual Review:    Yes: () No: (X)

Payroll Deduction:   (X) Yes () No

Objection to Confirmation:    Yes ()  No (X)
Pending:
Resolved:

Motions Filed:    Yes ( ) No (X)
If so, indicate type and status:
Hearing Date:

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA

IN RE:                                                                 CASE NUMBER:
JAMES DEPIETRO                             11-05019-8-SWH
SHIRLEY MAY DEPIETRO                  CHAPTER 13
    DEBTOR(S)

## NOTICE OF MOTION FOR CONFIRMATION OF PLAN

    John F. Logan, Chapter 13 Trustee, has filed papers with the Court to confirm the Chapter 13 Plan.

    Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

    If you do not want the Court to grant the Motion for Confirmation of the Plan, or if you want the Court to consider your views on the Motion, then on or before **NOVEMBER 9, 2011** you or your attorney must file with the Court, pursuant to Local Rule 9013-1 and 9014-1, a written response, an answer explaining your position, and a request for hearing at:

**U.S. Bankruptcy Court**
**Eastern District of North Carolina**
**PO Box 1441**
**Raleigh, NC 27602**

    If you mail your response to the Court for filing, you must mail it early enough so the Court will receive it on or before the date stated above.

    You must also mail a copy to the debtor(s), debtor(s) attorney, and Trustee at the following addresses:

| | | |
|---|---|---|
| **JOHN F. LOGAN** | **JAMES DEPIETRO** | **JOHN T. ORCUTT** |
| **CHAPTER 13 TRUSTEE** | **SHIRLEY MAY DEPIETRO** | **ATTORNEY AT LAW** |
| **PO BOX 61039** | **105 PERRY LN.** | **6616-203 SIX FORKS RD.** |
| **RALEIGH, NC 27661-1039** | **ZEBULON, NC 27597** | **RALEIGH, NC 27615** |

    If a response and a request for hearing is filed in writing on or before the date set above, a hearing will be conducted on the motion at a date, time and place to be later set, and all parties will be notified accordingly.

    If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion and may enter an order confirming the plan.

    DATED: OCTOBER 12, 2011

                                                                /s/ John F. Logan
                                              John F. Logan, Chapter 13 Trustee
                                              PO Box 61039
                                              Raleigh, NC 27661-1039
                                              (919) 876-1355

## CERTIFICATE OF SERVICE

DEBTOR 1 NAME: JAMES DEPIETRO                                         CASE NUMBER:   1105019
DEBTOR 2 NAME: SHIRLEY MAY DEPIETRO

I <u>Robert J. Wallace, Jr.</u> certify under penalty of perjury that I have served copies of the Minutes of 341 Meeting And Motion for Confirmation of Plan and the Notice of Motion for Confirmation of Plan on the parties listed below in the manner shown on <u>10/12/2011    </u>:

Via Certified Mail:

SUNTRUST BANK, ATTN: OFFICER, 25 PARK PLACE NE, ATLANTA GA  30303 -
WAKE FOREST FEDERAL, ATTN: OFFICER, PO BOX 1167, WAKE FOREST NC  27587 -

Via U.S. first class mail, or by electronic service, if such interested party is an electronic filing user, pursuant to Local Rule 5005-4(9)(b):

JOHN T. ORCUTT, ATTORNEY AT LAW, 6616-203 SIX FORKS RD., RALEIGH NC  27615 -
ACADEMY COLLECTION SERVICES, INC, C/O CHASE, 10965 DECATUR ROAD, PHILADELPHIA PA  19154 -
ADVANCED THERAPY, 8300 FALLS OF THE NEUSE ROAD, RALEIGH NC  27615,  -
ALLIANCE ONE RECEIVABLES, 4850 STREET ROAD, STE. 300, TREVOSE PA  19053,  -
AMERICAN EXPRESS, PO BOX 981535, EL PASO TX  79998-1535,  -
AMERIFINANCIAL SOLUTIONS, INC, FKA FIRSTCOLLECT, INC, PO BOX 64488, BALTIMORE MD  21264 -
ASSET ACCEPTANCE, LLC, C/O CHASE, 2840 SOUTH FAULKENBURG ROAD, RIVERVIEW FL  33569 -
ASSOCIATED CREDIT SERVICES, 105 B. SOUTH ST., HOP KINTON MA  01748,  -
ASSOCIATED RECOVERY SYSTEMS, C/O CHASE, PO BOX 469046, ESCONDIDO CA  92046-9046 -
BANK OF AMERICA, PO BOX 15026, WILMINGTON DE  19850-5026,  -
BANK ONE, C/O US DEPT OF TREASURY-FMS, DCS PO BOX 70949, CHARLOTTE NC  28272 -
CACH, LLC, C/O SESSOMS & ROGERS, PA, PO BOX 52508, DURHAM NC  27717 -
CACH, LLC, 4340 S MONACO ST, UNIT 2, DENVER CO  80237 -
CALVARY PORTFOLIO SERVICES, C/O BANK OF AMERICA, PO BOX 27288, TEMPE AZ  85285 -
CAPITAL MANAGEMENT SERVICES, 726 EXCHANGE ST., STE. 700, BUFFALO NY  14210,  -
CAPITAL ONE BANK, PO BOX 30285, SALT LAKE CITY UT  84130-0285,  -
CAPITAL ONE, PO BOX 85167, RICHMOND VA  23285,  -
CAVALRY PORTFOLIO SERVICES, PO BOX 1017, HAWTHORNE NY  10532-1017,  -
CHASE, PO BOX 15298, WILMINGTON DE  19850-5298,  -
CITI BANK, PO BOX 6062, SIOUX FALLS SD  57117,  -
CITI/CITGO, PO BOX 689095, DES MOINES IA  50368,  -
CREDITORS INTERCHANGE, C/O CHASE, 80 HOLTZ DR, BUFFALO NY  14240 -
DIRECT LOAN SERVICING CENTER, PO BOX 5609, GREENVILLE TX  75403-5609,  -
DISCOVER CARD, C/O CBCS, PO BOX 69, COLUMBUS OH  43216 -
ERIE INSURANCE EXCHANGE, INC., 100 ERIE INSURANCE PLACE, ERIE PA  16530,  -
ERIE INSURANCE GROUP, PO BOX 730, CARY NC  27512,  -
ERIE INSURANCE, PO BOX 20769, ROANOKE VA  24018,  -
ERIE INSURANCE, PO BOX 1699, ERIE PA  16530,  -
FIA CARD SERVICES, PO BOX 15026, WILMINGTON DE  19850-5026,  -
FINANCIAL RECOVERY SERVICES, PO BOX 385908, MINNEAPOLIC MN  55438-5908,  -
FMS, INC, C/O CHASE, PO BOX 707600, TULSA OK  74170 -
FRENCH & FRENCH, LTD, C/O WELLS FARGO CARD SERVICES, 2530 SCOTTSVILLE RD STE 17PO BOX 51184, BOWLING GREEN KY  42102 -
GE CAPITAL, PO BOX 981440, EL PASO TX  79998,  -
GLOBAL VANTEDGE, PO BOX 10908, SAN RAFAEL CA  94912,  -
GLOBAL VANTEDGE, C/O AMERICAN EXPRESS, PO BOX 12237, HAUPPAUGE NY  11788 -
GRANITE ASSET MANAGEMENT, 625 PILOT ROAD, STE 2, LAS VEGAS NV  89119 -
GREAT LAKES EDUCATION SERVICES, INC., U.S. DEPT. OF EDUCATION, PO BOX 530229, ATLANTA GA  30353 -
GREAT LAKES HIGHER EDUCATION, CORPORATION/CLAIMS FILING UNIT, PO BOX 8973, MADISON WI  53708-8973 -
JAMES DEPIETRO, SHIRLEY MAY DEPIETRO, 105 PERRY LANE, ZEBULON NC  27597 -
JC PENNEY, c/o: GE MONEY BANK, PO BOX 103104, ROSWELL GA  30076 -

I certify that I have prepared the Certificate of Service and that it is true and correct to the best of my knowledge, information and belief.

Date: <u>10/12/2011</u>      Signature:  _____*Robert J. Wallace, Jr.*_____

                                            Premium Graphics, Inc.
                                            2099 Thomas Road, Suite 10
                                            Memphis, TN 38134

CERTIFICATE OF SERVICE

DEBTOR 1 NAME: JAMES DEPIETRO                                CASE NUMBER:   1105019
DEBTOR 2 NAME: SHIRLEY MAY DEPIETRO

I <u>Robert J. Wallace, Jr.</u> certify under penalty of perjury that I have served copies of the Minutes of 341 Meeting And Motion for Confirmation of Plan and the Notice of Motion for Confirmation of Plan on the parties listed below in the manner shown on <u>10/12/2011</u>:

Via U.S. first class mail, or by electronic service, if such interested party is an electronic filing user, pursuant to Local Rule 5005-4(9)(b):

KEVIN L. SINK, ESQ., NICHOLLS & CRAMPTON, PA, PO BOX 18237, RALEIGH NC  27619 -
LAW OFFICES OF JOEL CARDIS, 2006 SWEDE RD., STE. 100, E. NORRISTOWN PA  19401,  -
LEADING EDGE RECOVERY SOLUTION, 5440 NORTH CUMBERLAND AVENUE, SUITE 300, CHICAGO IL  60656-1490 -
LVNV FUNDING, LLC, C/O GE CAPITAL, PO BOX 740281, HOUSTON TX  77274 -
MANAGEMENT SERVICES INCORPRATED, C/O SUN TRUST, PO BOX 1099, LANGHORNE PA  19047 -
MANN BRACKEN LLP, C/O BANK ONE, 2727 PACES FERRY RD ONE PACES W,STE1400, ATLANTA GA  30339 -
MCM, DEPT 12421, PO BOX 603, OAKS PA  19456-0603 -
MIDLAND FUNDING, LLC, MIDLAND CREDIT MANAGEMENT, 8875 AERO DRIVE, SUITE 200 SAN DIEGO CA  92123 -
MITCHELL & NEMITZ PA, ATTN: MNG AGT, 1234 HAMPTON WAY DR., STE 201, WAKE FOREST NC  27587 -
MITCHELL & NEMITZ, C/O THE OFFICES OF JOEL CARDIS, 2006 SWEDE ROAD, SUITE 100, NORRISTOWN PA  19401 -
MRS ASSOCIATES, INC, 3 EXECUTIVE CAMPUS, SUITE 400, CHERRY HILL NJ  08002 -
N.C. STATE EDUCATION ASSISTANCE AUTHORIT, PO BOX 14002, RTP NC  27709,  -
NATIONAL ACTION FINANCIAL SERVICES, C/O CHASE, PO BOX 9027, WILLIAMSVILLE NY  14231-9027 -
NATIONAL ENTERPRISE SYSTEMS, 29125 SOLON RD., SOLON OH  44139,  -
NATIONAL FINANCIAL SYSTEM,INC, 600 WEST JOHN STREET, PO BOX 9046, HICKSVILLE NY  11801 -
NCO FINANCIAL SERVICES, C/O AMERICAN EXPRESS, PO BOX 15630 DEPT 72, WILMINGTON DE  19850 -
NCO FINANCIAL SERVICES, PO BOX 15630, DETP 99, WILMINGTON DE  19850 -
NCO FINANCIAL SYSTEMS, PO BOX 12100 DEPT 64, TRENTON NJ  08650,  -
NCO FINANCIAL SYSTEMS, PO BOX 61247, DEPT 64, VIRGINIA BEACH VA  23466-1247 -
NELSON,WATSON, & ASSOIATES, LLC, C/O GE CAPITAL, PO BOX 1299, HAVERHILL MA  01831 -
NELSON,WATSON, & ASSOIATES, LLC, 80 MERRIMACK STREET LOWER LEVEL, HAVERHILL MA  01830,  -
NORTHLAND GROUP, INC., PO BOX 390846, EDINA MN  55439,  -
NORTHSTAR LOCATION SERVICES, LLC, 4285 GENESEE ST., BUFFALO NY  14225-1943,  -
NORTHSTAR LOCATION SERVICES, C/O DISCOVER, PO BOX 2157, BUFFALO NY  14231 -
NOVANT MEDICAL GROUP, ATTN: MNG AGT, PO BOX 602232, CHARLOTTE NC  28260-2232 -
NOVANT MEDICAL GROUP, PO BOX 71052, CHARLOTTE NC  28272-1052,  -
ORCHARD BANK, HOUSEHOLD CREDIT SERVICES, PO BOX 80084, SALINAS CA  93912-0084 -
PACE FINANCIAL SOLUTION, C/O WELLS FARGO CARD SERVICES, 232 COCKEYSVILLE RD STE B1, HUNT VALLEY MD  21030 -
PINNACLE FINANCIAL GROUP, 7825 WASHINGTON AVENUE S, STE 310, MINNEAPOLIS MN  55439 -
PLANET FITNESS, ATTN: MNG AGT, 26 FOX RUN RD, PORTSMOUTH NH  03801-2810 -
PLAZA REOOVERY ASSOICATES, C/O SUNTRUST, JAF STATION PO BOX 2769, NEW YORK NY  10116 -
REDLINE RECOVERY SERVICES, 11675 RAINWATER DR; STE 350, ALPHARETTA GA  30009,  -
RJM ACQUISTIONS LLC, C/O MRS ASSOCIATES, INC, POBOX 12023, HAUPPAUGE NY  11788 -
RJM ACQUISTIONS LLC, PO BOX 12023, HAUPPAUGE NY  11788,  -
RJM ACQUISTIONS LLC, C/O MRS ASSOCIATES, INC, 575 UNDERHILL BLVD, STE 224, SYOSSET NY  11791 -
RJM ACUISTIONS, LLC, PO BOX 18006, HAUPPAUGE NY  11788-8806,  -
RMS, C/O ERIE INSURANCE, 77 HARTLAND ST., STE. 401, PO BOX 280431, EAST HARTFORD CT  06128 -
SMALL BUSINESS ADMINISTRATION, PO BOX 125, COLUMBIA SC  29214,  -
SMALL BUSINESS ADMINISTRATION, C/O BANK OF AMERICA, PO BOX 740192, ATLANTA GA  30374 -
SMALL BUSINESS ADMINISTRATION, C/O BOA, 10737 GATEWAY WEST, SUITE 300, EL PASO TX  79935 -
SMALL BUSINESS ADMINISTRATION, C/O BANK OF AMERICA, 801 TOM MARTIN DRIVE, BIRMINGHAM AL  35211 -
SMALL BUSINESS ADMINISTRATION, C/O BOA, 2120 RIVERFRONT DR, STE 100, LITTLE ROCK AR  72202 -

I certify that I have prepared the Certificate of Service and that it is true and correct to the best of my knowledge, information and belief.

Date: <u>10/12/2011</u>     Signature:  _____*Robert J. Wallace, Jr.*_____

Premium Graphics, Inc.
2099 Thomas Road, Suite 10
Memphis, TN 38134

# CERTIFICATE OF SERVICE

DEBTOR 1 NAME: JAMES DEPIETRO                                    CASE NUMBER:   1105019
DEBTOR 2 NAME: SHIRLEY MAY DEPIETRO

I Robert J. Wallace, Jr. certify under penalty of perjury that I have served copies of the Minutes of 341 Meeting And Motion for Confirmation of Plan and the Notice of Motion for Confirmation of Plan on the parties listed below in the manner shown on 10/12/2011   :

Via U.S. first class mail, or by electronic service, if such interested party is an electronic filing user, pursuant to Local Rule 5005-4(9)(b):

SMITH DEBNAM NARRON DRAKE SAINTSING, PO BOX 26268, RALEIGH NC  27611,  -
SPRINT NEXTEL-CORRESPONDENCE, ATTN:BANKRUPTCY DEPT, PO BOX 7949, OVERLAND PARK KS  66207-0949 -
SUNTRUST BANK, ATTN: MANAGER OR REG. AGENT, SUPPORT SERVICES, PO BOX 85092 RICHMOND VA  23286 -
SUNTRUST, CONSUMER LOAN PMTS., PO BOX 85160, RICHMOND VA  23285-5160 -
TATE & KIRLIN ASSOCIATES, 2810 SOUTHAMPTON RD., PHILADELPHIA PA  19154,  -
TRANSWORLD SYSTEMS, 2235 MERCURY WAY, STE. 275, SANTA ANA CA  95407-5413 -
TRANSWORLD SYSTEMS, 8801 JM KEYNES DR, STE. 300, CHARLOTTE NC  28262 -
US DEPT OF EDUCATION, C/O USD/GLELSI, PO BOX 530229, ATLANTA GA  30353 -
US DEPT OF EDUCATION, C/O USD/GLELSI, 2401 INTERNATIONAL LANE, MADISON WI  53704 -
WAKE COUNTY TAX COLLECTOR, P.O. BOX 2331, RALEIGH NC  27602-0550,  -
WAKE FOREST SAVINGS & LOAN ASSOCIATION, PO BOX 1167, WAKE FOREST NC  27588,  -
WELLS FARGO CARD SERVICES, ATTN: MANAGING AGENT, PO BOX 6412, CAROL STREAM IL  60197-6412 -
WELLS FARGO DEALER SERVICES, INC., ATTN:  OFFICER OR MANAGER, PO BOX 25341, SANTA ANA CA  92799 -
WELLS FARGO DEALER SERVICES, INC., ATTN:  OFFICER OR MANAGER, PO BOX 19657, IRVINE CA  92623 -
WELTMAN, WEINBERG & REIS CO.,, ATTN:  MANAGER OR REG. AGENT, 323 W. LAKESIDE AVE., 2ND FLOOR, CLEVELAND OH  44113 -
WORLD OMNI FINANCIAL CORPORATION, WORLD OMNI PAYMENT CENTER, PO BOX 991817, MOBILE AL  36691-1817 -
WORLD OMNI, C/O SOUTH EAST TOYOTA FINANCE, PO BOX 991817, MOBILE AL  36691 -

I certify that I have prepared the Certificate of Service and that it is true and correct to the best of my knowledge, information and belief.

Date: 10/12/2011        Signature:  _____Robert J. Wallace, Jr._____

Premium Graphics, Inc.
2099 Thomas Road, Suite 10
Memphis, TN 38134